**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

CORNELIO S.R.,

Petitioner,

v.

TODD BLANCHE, *U.S. Attorney General*;

MARKWAYNE MULLIN, *Secretary, U.S. Department of Homeland Security*;

DAVID VENTURELLA, *Acting Director of Immigration and Customs Enforcement*;

DAVID EASTERWOOD, *Acting Director, St. Paul Field Office, Immigration and Customs Enforcement*,

Respondents.

Civil No. 26-4675 (JRT/SGE)

**ORDER ON PETITION FOR WRIT OF HABEAS CORPUS**

Cameron Lane Youngs Giebink, **WILSON LAW GROUP**, 3019 Minnehaha Avenue, Minneapolis, MN 55406, for Petitioner.

David W. Fuller and Derek Ganzhorn, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Respondents.

Petitioner Cornelio S.R. is a citizen of Mexico who is currently in Immigration and Customs Enforcement ("ICE") custody in Minnesota. On October 30, 2026, Petitioner filed a Petition for a Writ of Habeas Corpus alleging his arrest and continued detention violate 8 U.S.C. § 1357(a)(2), the Fourth and Fifth Amendments to the U.S. Constitution, the

*Accardi* Doctrine, and the Administrative Procedures Act. (Verified Petition for Writ of Habeas Corpus ("Pet."), Oct. 30, 2026, Docket No. 1.). Because the Court concludes that Petitioner's arrest was warrantless and that a warrantless arrest was unlawful in this instance, it will order Petitioner's immediate release.[1]

**BACKGROUND**

Petitioner is a citizen of Mexico who lives in Minnesota. (Pet. ¶ 11.) He entered the United States without inspection around the year 2000, and he has continuously resided in the United States for more than 25 years. (*Id.* ¶¶ 26–27.) He has two U.S. citizen children. (*Id.* ¶ 28.)

On October 30, 2026, at approximately 8:15 a.m., an ICE officer ran the license plate of a green Chevrolet pickup in a gas station parking lot in Burnsville, Minnesota. (Decl. of Miguel Munoz ("Munoz Decl.") ¶ 4, Ex. 3 (I-213) at 2.) Record checks revealed the Jeep was registered to Petitioner and that Petitioner was "an illegal alien present in the United States without permission." (*Id.*) Officers then initiated a traffic stop by turning on their emergency lights and approaching the pickup truck on foot. (*Id.*)

After the officers identified themselves, the driver provided them with a Minnesota Driver's License. (*Id.*) An ICE officer "informed [Petitioner] that he was under arrest and instructed him to step out of the vehicle." (*Id.*) Petitioner complied and was

[1] Because the Court concludes that Petitioner is entitled to relief on this ground, the Court will not address Petitioner's other claims for relief.

handcuffed behind his back. "Once in the backseat of [the officer's] vehicle, [Petitioner] was relocated to a nearby parking lot" where he was served with an I-200 administrative warrant. (*Id.*) The records provided by ICE indicate that the I-200 "had been previously issued" by one of the arresting officers. (*Id.*) However, the I-200 itself indicates that the determination that Petitioner is removable from the United States was based upon "biometric confirmation of the subject's identity." (Munoz Decl. ¶ 4, Ex. 2 (I-200).) Petitioner was then transported to Fort Snelling for processing. (*Id.*) The I-862 Notice to Appear provided by Respondents indicates that it was issued at Fort Snelling and served on Petitioner on the same date, October 30, 2026. (Munoz Decl. ¶ 4, Ex. 1.)

On October 30, 2026, Petitioner filed a petition for writ of habeas corpus challenging the lawfulness of his detention. (Docket No. 1.) On November 2, 2026, the Court ordered Respondents to answer. (Docket No. 4.) Respondents timely filed a response. (Docket No. 5.) Petitioner timely replied. (Docket No. 9.)

**DISCUSSION**

"[A]bsent suspension" by Congress, the Constitution guarantees that the "writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art. 1, § 9, cl. 2). District

courts can provide habeas relief to persons detained in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3).

Respondents argue that Petitioner's detention is lawful and mandatory under 8 U.S.C. § 1225(b)(2) and that Petitioner was arrested with a valid warrant. Petitioner argues that his arrest was made without a valid warrant. Respondents contend that even if Petitioner's arrest was warrantless, his arrest satisfied the warrantless arrest statute, 8 U.S.C. § 1357(a)(2).

## I. VALIDITY OF WARRANT

The Court concludes that the Petitioner's arrest was a warrantless arrest for (at least) two reasons: (1) the warrant was issued after the arrest; and (2) the warrant was issued before the Notice to Appear.

Section 1226(a) states that "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." "In other words, to detain a noncitizen under § 1226(a), a warrant is required." *Francisco M.A. v. Blanche*, Civ. No. 26-2032, 2026 WL 1229701, at *2 (D. Minn. May 5, 2026).

**First**, the Court concludes that in this case the warrant was issued in the field **after** Petitioner was arrested and detained. The warrant indicates that the probable cause determination as based on "biometric confirmation of the subject's identity." (Munoz Decl. ¶ 4, Ex. 2 (I-200).) But "Petitioner's biometric information could have only been

confirmed after Petitioner had been taken into ICE's custody." *Francisco M.A.*, 2026 WL 1229701, at *2.

**Second**, the Court concludes that the warrant was issued prior to the Notice to Appear. The warrant was served on the Petitioner in Burnsville, Minnesota, the morning of October 30, 2026. (Munoz Decl. ¶ 4, Ex. 2 (I-200), Ex. 3 at 2.) The Notice to Appear was issued on the same date at Fort Snelling. (Munoz Decl. ¶ 4, Ex. 1.) But Petitioner was not present at Fort Snelling until after his arrest and detention—and after the warrant had been served on him. (Munoz Decl. ¶ 4, Ex. 3 at 2, Ex. 1 (I-862).) As this Court has previously concluded, "ICE lacks statutory and regulatory authority to engage in a policy of issuing Form I-200 warrants to collaterals in the field without the concurrent or prior issuance of a notice to appear . . . ." *Francisco M.A.*, 2026 WL 1229701, at *2.

Because the Court concludes that the Petitioner's arrest was a warrantless arrest, it will next address whether the arrest was nevertheless lawful.

## II. WARRANTLESS ARREST

Respondents argue that even if Petitioner's arrest was warrantless, his arrest satisfied the warrantless arrest statute, 8 U.S.C. § 1357(a)(2). Under § 1357(a)(2), an immigration officer may "arrest any [noncitizen] in the United States" without a warrant "if he has reason to believe that the [noncitizen] . . . is in the United States in violation of any such law or regulation **and** is likely to escape before a warrant can be obtained for his arrest." 8 U.S.C. § 1357(a)(2) (emphasis added). The Eighth Circuit has interpreted

"reason to believe" to mean "constitutionally required probable cause." *United States v. Quintana*, 623 F.3d 1237, 1239 (8th Cir. 2010).

The records submitted by Respondents indicate that the records check of Petitioner's license plate provided them with the reasonable suspicion that Petitioner was in the United States in violation of the immigration laws. Respondents also note that petitioner provided them with his Minnesota Driver's License. Either the records check of Petitioner's license plate or the driver's license would have provided Respondents with a home address for Petitioner.

As the Court has previously explained, "the inquiry into whether a person is likely to evade immigration officers considers not just whether the noncitizen will be located at the scene of encounter with immigration enforcement but also whether immigration enforcement would be able to arrest the noncitizen at another clearly identifiable location." *Ivan F.M. v. Blanche*, Civ. No. 26-4012, 2026 WL 2935475 (D. Minn. Sept. 30, 2026) (citations and internal quotation marks omitted). In this instance, Respondents did not clearly articulate why immigration enforcement would not be able to arrest Petitioner at another clearly identifiable location—such as the address associated with his license plate registration and his driver's license—**after** obtaining a warrant.

Because the record does not establish that ICE officers would be unable to locate Petitioner after obtaining a warrant to arrest him, Respondents failed to comply with the requirements for arresting a noncitizen without a warrant in 8 U.S.C. § 1357.

Respondents therefore improperly arrested and detained Petitioner under 8 U.S.C. § 1225(b)(2).

When ICE fails to comply with federal immigration law when arresting and detaining a petitioner, release is the proper remedy. *See, e.g.*, *Ahmed M. v. Bondi*, Civ. No. 25-4711, 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026); *Lauro M. v. Bondi*, Civ. No. 26-134, 2026 WL 115022, at *3 (D. Minn. Jan. 15, 2026); *cf. Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("Habeas is at its core a remedy for unlawful executive detention . . . . The typical remedy for such detention is, of course, release."). The Court will, therefore, order Petitioner's immediate release.

In addition to ordering Petitioner's release, the Court will also impose additional conditions to provide an effective remedy. Habeas corpus "is, at its core, an equitable remedy." *Boumediene v. Bush*, 553 U.S. 723, 780 (2008) (quoting *Jones v. Cunningham*, 371 U.S. 236, 243 (1963)). The adaptable remedy allows a reviewing court, after proper consideration, to "dispose of the matter as law and justice require." *Fay v. Noia*, 372 U.S. 391, 438 (1963) (quoting 28 U.S.C. § 2243). While immediate release is the typical remedy for unlawful detention, *Munaf v. Geren*, 553 U.S. 674, 693 (2008), "[a] habeas court is thus authorized to 'fashion appropriate relief other than immediate release' . . . in order to ensure an effective remedy for unlawful detention," *Diallo v. Scott*, Civ. No. 26-00975, 2026 WL 1843102, at *8 (W.D. Wash. June 26, 2026) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973)).

Specifically, before re-detaining Petitioner, the Court will order that Respondents must first provide him with adequate notice and an opportunity to be heard at a pre-deprivation bond hearing before a neutral decisionmaker, where the Respondents will bear the burden of establishing that detention is appropriate by clear and convincing evidence. The Court finds that a pre-deprivation hearing is necessary relief in light of Respondents' recent practice of immediately re-detaining successful Habeas petitioners that a court—including this one—has ordered released.[2]

---

[2] *See Ivan F.M. v. Blanche*, Civ. No. 26-4012, 2026 WL 3268565, at *1 (D. Minn. Oct. 30, 2026) (detailing respondents re-detaining petitioner within one-minute of this Court's ordered release). *See, e.g.*, *Parada Cruz v. Mullin*, 837 F. Supp. 3d 404 (E.D.N.Y 2026); *Pablo F. v. Blanche*, Civ. No. 26-3889, 2026 WL 2874903 (D. Minn. Sept. 24, 2026); *Tabora-Brizuela v. Mullin*, Civ. No. 26-7010, 2026 WL 2908095 (E.D. Pa. Sept. 28, 2026); *Martiniez Alaniz v. Slaughter*, Civ. No. 26-298, 2026 WL 2874994 (D. Mont. Sept. 24, 2026); *Rodriguez v. Warden, Imperial Reg'l Det. Ctr.*, Civ. No. 26-4775, 2026 WL 2665542 (S.D. Cal. Sept. 9, 2026); *Perez Chacon v. Mattos*, Civ. No. 2:26-01061, 2026 WL 1960905 (D. Nev. July 7, 2026); *Quezada-Estrada v. Lyons*, 2026 WL 1361880; *see also* Cait Kelley, *Judge Weighs Contempt After ICE Re-arrests Man a Second Time: 'Not Release in Any Sense,'* MPR NEWS (Nov. 9, 2026) https://www.mprnews.org/story/2026/11/09/ice-re-arrests-man-second-time-judge-weighs-contempt-charges [https://perma.cc/T62G-NCKY]; Vasanth Vaidyanathan, *ICE Re-Arrest Contempt Fights Reach Judges in Minnesota and Colorado*, IMMIGRATION ANALYTICS (Nov. 9, 2026) https://immigration-analytics.com/2026/11/09/ice-re-arrest-contempt/ [https://perma.cc/96PJ-AZT4]; Elaine Mallon, *Biden-appointed Judge Probes Whether ICE Skirted Judge's Release Orders in Colorado Cases*, FOX NEWS (Nov. 7, 2026) https://www.foxnews.com/politics/biden-appointed-judge-probes-whether-ice-circumvented-judicial-release-orders-colorado-cases [https://perma.cc/EL8A-MMZF]; Chris Seda Chabrier, *ICE Rapidly Re-Arresting Immigrants Released after Winning Court Petitions*, THE GUARDIAN (Nov. 2, 2026) https://www.theguardian.com/us-news/2026/nov/02/immigrants-released-after-court-petitions-ice-arrest [https://perma.cc/25P4-S3YY]; Regina Medina, *'It Left Me in Shock': St. Cloud Immigrant Speaks about Trauma after ICE Re-arrest*, MPR News (Nov. 1, 2026) https://www.mprnews.org/story/2026/11/01/st-cloud-immigrant-yader-cortez-talks-about-ice-rearrest-trauma [https://perma.cc/BCG2-MWZE]; Cait Kelley & Regina Medina, *'We've been doing this since May': ICE Admits Instant Re-arrest Strategy*, MPR NEWS (Oct. 13, 2026),

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Petitioner Cornelio S.R.'s Verified Petition for Writ of Habeas Corpus (Docket No. [1]) is **GRANTED as follows:**

1. Respondents shall **RELEASE** Petitioner from custody as soon as practicable, and **no later than 48 hours from the filing of this Order**.
    a. Respondents shall coordinate with Petitioner's counsel regarding the time and location of release.
    b. Respondents must release Petitioner with all personal effects, such as driver's licenses, passports, or immigration documents, and **without conditions** such as location tracking devices.
2. Respondents **SHALL NOT** re-detain Petitioner without providing him with adequate notice and an opportunity to be heard at a pre-deprivation bond hearing before a neutral decisionmaker, at which the government must bear the burden of establishing that detention is appropriate by clear and convincing evidence.
3. The parties shall provide the court with a status update concerning the status of Petitioner's release by **no later than 4:00 p.m. on November 19, 2026**.

---

https://www.mprnews.org/story/2026/10/13/ice-admits-instant-rearrest-strategy [https://perma.cc/G3K2-AYMY].

Further, the parties shall advise the Court whether any additional proceedings in this matter are required and submit any proposals for the scope of further litigation by **no later than 5:00 pm on November 23, 2026**.

DATED: November 16, 2026
at Minneapolis, Minnesota.

/s/ John R. Tunheim
JOHN R. TUNHEIM
United States District Judge